UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

ORIANA ORDAZ, an individual,

    Plaintiff,

v.

TODD A. ZUCKERBROD, P.A., a Florida Corporation, and
TODD ZUCKERBROD, an individual,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, ORIANA ORDAZ (hereinafter referred to as "Plaintiff" or "ORDAZ"), is an individual residing in Broward County, Florida whose race/color is Hispanic and ancestry is of South American descent based upon ORDAZ's parents being born in Bolivia and Venezuela.

2. ORDAZ was an employee of Defendants, TODD A. ZUCKERBROD, P.A., a Florida Corporation, and TODD ZUCKERBROD, an individual (collectively "Defendants"), and Plaintiff brings this action against Defendants for unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b),[1] and for alleged harassment, discrimination, and retaliation in violation of 42 U.S.C. §1981.

3. At all times material to this Complaint, Defendants have owned and operated a law firm specializing in securities law and trust & estates serving clients in Florida, New Jersey, New York, and other States, with Defendants' principal office located at 40 SE 5th Street, Suite 400,

---

[1] Attached hereto is a signed Consent to Join of Plaintiff ORDAZ.

Boca Raton, Florida 33432-6003, in Palm Beach County, within the jurisdiction of this Court.

4.  Defendant, TODD ZUCKERBROD, has at all times material to this Complaint between 2016 and 2019 owned and managed/operated TODD A. ZUCKERBROD, P.A., and regularly exercised the authority to hire and fire ORDAZ and other employees between 2016 and 2019, determined the manner in which ORDAZ and other employees have been compensated between 2016 and 2019, determined the hours ORDAZ and other employees were required to work between 2016 and 2019, set the rates of pay of ORDAZ and other employees between 2016 and 2019, and controlled the finances and operations of TODD A. ZUCKERBROD, P.A. between 2016 and 2019. By virtue of such control and authority, TODD ZUCKERBROD is an employer of ORDAZ as defined by the FLSA, 29 U.S.C. §203(d).

5.  Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6.  The events, or a substantial part of the events, giving rise to this action, occurred in Palm Beach County within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

7.  At all times material to this Complaint, including but not necessarily limited to during the calendar years 2016, 2017, 2018 and 2019, Defendant, TODD A. ZUCKERBROD, P.A., had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, ORDAZ alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during 2016, 2017, 2018, and 2019, Defendant, TODD A. ZUCKERBROD, P.A., employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) regularly

handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; (c) regularly processed and participated in court filings and electronic bank transfers and other financial transactions throughout multiple States across the United States including but not necessarily limited to between Florida and New York.

8. Based upon information and belief, the annual gross sales volume of Defendant, TODD A. ZUCKERBROD, P.A., was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2016, 2017, 2018 and 2019.

9. At all times material to this Complaint, including but not necessarily limited to during the years 2016, 2017, 2018 and 2019, Defendant, TODD A. ZUCKERBROD, P.A., has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. At all times material to this Complaint during the three (3) year statute of limitations period between approximately late October 2016 and late November 2017 and again between approximately late June 2018 and mid-March 2019, ORDAZ was herself individually engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §207(a)(1), because, *inter alia*, ORDAZ regularly (a) worked with and communicated directly with clients of Defendants and government personnel (i.e., from the New York City Marshal's office or judicial assistants as well as FINRA staff in States such as California and Massachusetts) multiple times per week in States outside of Florida—namely in New Jersey and New York; and (b) processed court filings for Defendants multiple times per week on a recurring basis in the Supreme Court of New York in connection with judgments and Defendants' debt collection work.

11.     In or around June 2015, Defendants first hired ORDAZ as a "Legal Assistant" in Defendants' law firm based upon a salary of $937.50 in gross wages for Forty (40) hours of work per week.

12.     During the three (3) year statute of limitations period between approximately October 20, 2016 and November 20, 2017 and again between approximately June 28, 2018 and March 15, 2019,[2] ORDAZ's primary duties for Defendants as a "Legal Assistant" were non-exempt in nature, consisting of clerical duties to support Defendant ZUCKERBROD's securities law and trusts & estate practice through Plaintiff performing the following ministerial tasks: (a) drafting e-mails and correspondence to Defendants' clients, opposing attorneys, and judicial assistants; (b) working with form pleadings and submitting electronic filings for Defendants (i) in the Supreme Court of New York, primarily for judgment collection matters; and (ii) in courts throughout Florida; (c) coordinating the scheduling of depositions and hearings and notarizing documents; and (d) processing bill payments and office supplies orders for Defendants' office.

13.     Throughout ORDAZ's employment with Defendants during the three (3) year statute of limitations period, Plaintiff regularly worked for Defendants as follows:

> (a) between approximately October 20, 2016 and November 20, 2017, with start times on week days Monday through Friday as early as approximately 9:30 a.m. in the office and with stop times in the office regularly between approximately 6:00 p.m. and 9:00 p.m., averaging approximately Forty-Six (46) hours per week during a total of approximately Forty-Eight (48) of the Fifty-Six (56) total work weeks during this period;

> (b) between approximately June 28, 2018 and late October 2018,[3] with start times on week days Monday through Friday as early as approximately 9:30 a.m. in the office and with stop times in the office regularly between approximately 6:00 p.m. and 9:00 p.m., averaging approximately Forty-Seven (47) hours per week during a total of approximately Thirteen (13) of the Eighteen (18) total work weeks

---

[2] Plaintiff *was not* employed by Defendants between approximately late November 2017 and late June 2018.
[3] In approximately late October 2018, Plaintiff was diagnosed with Cancer.

4

during this period; and

(c) between approximately November 2018 and March 15, 2019, with start times on week days in the office as early as approximately 9:30 a.m. and with stop times regularly in the office between approximately 6:00 p.m. and 7:30 p.m.[4]—with every other week entailing Plaintiff working five (5) days in the office one week versus three (3) days in the office the other week while working two (2) week days from home each week—plus Plaintiff regularly working from home an average of approximately three (3) hours per day on the two (2) week days per week she worked from home along with working from home approximately five (5) hours per day on Saturdays and Sundays, averaging approximately Forty-Three (43) hours per week during a total of approximately Fourteen (14) of the Nineteen (19) total work weeks during this period,

all without time and one-half compensation for Plaintiff's overtime hours as required by the Fair Labor Standards Act.

14. Despite the fact that ORDAZ regularly worked in excess of Forty (40) hours per week for Defendants during numerous work weeks within the three (3) year statute of limitations period between approximately October 20, 2016 and November 20, 2017 and again between approximately June 28, 2018 and March 15, 2019, Defendants failed to pay Plaintiff time and one-half wages for all of her actual overtime hours worked as required by the Fair Labor Standards Act between 2016 and 2019, as Defendants instead misclassified Plaintiff as exempt and/or paid Plaintiff based upon a salary of $937.50 in gross wages for Forty (40) hours of work per week without time and one-half wages for Plaintiff's overtime hours.

15. Subject to discovery, ORDAZ estimates that during the approximately Ninety-Three (93) weeks within the three (3) year statute of limitations period between approximately October 20, 2016 and November 20, 2017 and again between approximately June 28, 2018 and March 15, 2019, Plaintiff's unpaid overtime wages total approximately **$14,800.78** based upon

---

[4] During this final period, Plaintiff sometimes left the office on week days earlier than her regular stop times because of doctors' appointments and treatment.

Plaintiff being owed: (a) an average of Six (6) unpaid overtime hours per week from Defendants at an applicable overtime rate of $35.16/hour [($937.50/40 hours = $23.44/hour x 1.5 = $35.16/hour] during Forty-Eight (48) of the Fifty-Six (56) work weeks between late October 2016 and late November 2017 [$35.16/hour x 6 Unpaid OT hours/week x 48 weeks = $10,125.00]; (b) an average of Seven (7) unpaid overtime hours per week from Defendants at an applicable overtime rate of $35.16/hour during Thirteen (13) of the Eighteen (56) work weeks between late June 2018 and late October 2018 [$35.16/hour x 7 Unpaid OT hours/week x 13 weeks = $3,199.22]; and (c) an average of Three (3) unpaid overtime hours per week from Defendants at an applicable overtime rate of $35.16/hour during Fourteen (14) of the Nineteen (19) work weeks between November 2018 and mid-March 2019 [$35.16/hour x 3 Unpaid OT hours/week x 13 weeks = $1,476.56] [$10,125.00 + $3,199.22 + $1,476.56 = **$14,800.78**].

16. Throughout ORDAZ's employment with Defendants within the three (3) year statute of limitations period between approximately late October 2016 and late November 2017 as well as between approximately late June 2018 and mid-March 2019, Defendants failed to maintain records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff during each week of her employment with Defendants as required by the FLSA, 29 C.F.R. §516.2(a)(7).

17. At all times material to this Complaint, Defendants had knowledge of the hours ORDAZ worked in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately late October 2016 and late November 2017 as well as between approximately late June 2018 and mid-March 2019, but Defendants nonetheless willfully failed to pay Plaintiff time and one-half wages for the overtime hours she worked for Defendants, instead accepting the benefits of the work performed by Plaintiff without paying the overtime

compensation required by the FLSA, 29 U.S.C. §207.

18. Based upon information and belief, the complete records reflecting the compensation Defendants actually paid to ORDAZ each week during the three (3) year statute of limitations period between approximately late October 2016 and late November 2017, as well as between approximately late June 2018 and mid-March 2019, are in the possession, custody, and/or control of Defendants.

19. Between approximately January 2019 and March 2019, ORDAZ was regularly subjected to discriminatory intimidation, ridicule, insults, harassment, and derogatory name calling by Defendant ZUCKERBROD that was continuing, severe, and pervasive and was motivated by Plaintiff's race/color, Hispanic, and ancestry/national origin in light of ORDAZ's family being of South American descent [specifically, Plaintiff's parents having been born in Bolivia and Venezuela].

20. More specifically, in or around January 2019, Defendant ZUCKERBROD began regularly calling ORDAZ by the demeaning name "spic-arican" while Defendant ZUCKERBROD continually referred to ORDAZ and other Hispanics by the derogatory name "spics" and likewise demeaning Hispanic clients of Defendants' law firm by referring to these clients—during internal discussions with ORDAZ in the office—as "dumb ass spics."

21. Significantly, when ORDAZ began complaining in January 2018 to Defendant ZUCKERBROD about this discrimination and objected to Defendant ZUCKERBROD repeatedly calling ORDAZ by these derogatory names because of Plaintiff's race and ancestry/national origin—including an express discussion during which ORDAZ talked with Defendant ZUCKERBROD about how he already knew ORDAZ *was not* Puerto Rican but rather was born in America to parents who originally were from Bolivia and Venezuela— Defendant

ZUCKERBROD blew off ORDAZ's internal discrimination complaints and responded by telling Plaintiff: "Its all the same shit."

22. After several weeks of ORDAZ's opposition to the hostile, discriminatory work environment that not only persisted in Defendants' office in January 2019 but also escalated throughout February 2019 and March 2019 as a result of an increasing disdain that Defendant ZUCKERBROD exhibited towards ORDAZ as a Hispanic employee in particular and Defendant ZUCKERBROD's derogatory comments about Hispanics in general, on or around March 15, 2019, Defendants terminated ORDAZ's employment.

23. The reasons proffered by Defendants in March 2019 for the termination of ORDAZ's employment were false and pretextual—and those reasons were known by Defendants to be false at the time Defendants' terminated Plaintiff's employment—as the termination of ORDAZ's employment was unlawfully motivated by Plaintiff's (i) race/color and/or ancestry/national origin; and (ii) internal discrimination complaints to Defendant ZUCKERBROD in violation of 42 U.S.C. §§1981(a) and (b).

24. On May 20, 2019, ORDAZ provided notice to Defendants of her claims in this case through written correspondence delivered to Defendants via e-mail on May 20, 2019 and via FedEx delivered on May 21, 2019.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff, ORIANA ORDAZ, readopts and realleges the allegations contained in Paragraphs 1 through 24 above and further states that this is an action against Defendants, TODD A. ZUCKERBROD, P.A. and TODD ZUCKERBROD, for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*.

26. ORDAZ is entitled to be paid time and one-half of her applicable regular rate of

pay for each hour Plaintiff worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately October 20, 2016 and November 20, 2017 and again between approximately June 28, 2018 and March 15, 2019.

27.     Defendants knowingly and willfully failed to pay ORDAZ at time and one-half of her applicable regular rate of pay for all of her actual hours worked for Defendants in excess of Forty (40) per week within the three (3) year statute of limitations period between approximately October 20, 2016 and November 20, 2017 and again between approximately June 28, 2018 and March 15, 2019.

28.     At all times material to this Complaint, Defendants had notice and knowledge that their compensation practices did not provide ORDAZ with time and one-half wages for all of her actual overtime hours worked between approximately October 20, 2016 and November 20, 2017 and again between approximately June 28, 2018 and March 15, 2019, based upon, *inter alia*: (a) Defendants failing to maintain contemporaneous and accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and (b) Defendants failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff each work week between approximately October 20, 2016 and November 20, 2017 and again between approximately June 28, 2018 and March 15, 2019, including but not necessarily limited to because of the personal knowledge of Defendant ZUCKERBROD of the overtime hours worked by Plaintiff.

29.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

30.     Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff during the three (3) year statute of

limitations period between approximately October 20, 2016 and November 20, 2017 and again between approximately June 28, 2018 and March 15, 2019, as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

31.   Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

32.   Plaintiff demands a jury trial pursuant to the FLSA.

WHEREFORE, Plaintiff, ORIANA ORDAZ, demands judgment against Defendants, jointly and severally, TODD A. ZUCKERBROD, P.A. and TODD ZUCKERBROD, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## UNLAWFUL HARASSMENT, DISAPARATE TREATMENT, AND RETALIATION IN VIOLATION OF 42 U.S.C. §1981

33.   Plaintiff, ORIANA ORDAZ, reasserts and reaffirms the allegations of Paragraphs 1 through 24 as if fully set forth herein and further states that this is an action against Defendants, TODD A. ZUCKERBROD, P.A. and TODD ZUCKERBROD, for violations of 42 U.S.C. §1981.

34.   42 U.S.C. §1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

35. Moreover, for purposes of 42 U.S.C. §1981, the term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

36. Between approximately January 2019 and mid-March 2019, ORDAZ was subjected to unwelcome harassment by Defendant ZUCKERBROD that was continuing, severe, and/or pervasive, and that constituted a hostile work environment, all of which was motivated by ORDAZ's race/color, Hispanic, and/or Plaintiff's ancestry/national origin in light of ORDAZ's family being of South American descent [Bolivian & Venezuelan], in violation of 42 U.S.C. §1981.

37. Between approximately January 2019 and mid-March 2019, ORDAZ was regularly subjected to discriminatory intimidation, ridicule, and insults which were motivated by ORDAZ's race/color, Hispanic, and/or Plaintiff's ancestry/national origin in light of ORDAZ's parents being of South American descent [Bolivian & Venezuelan], which conduct was so severe and pervasive that it altered the terms and conditions of ORDAZ's employment with Defendants and created an abusive or hostile work environment, in violation of 42 U.S.C. §1981.

38. Beginning in January 2019, ORDAZ complained to Defendant ZUCKERBROD about the unlawful race/color and ancestry/national origin harassment she was subjected to, but Defendants failed to take remedial action to prevent or correct such unlawful conduct from continuing, in violation of 42 U.S.C. §1981, despite the fact that Defendants knew or should have known that such harassment was illegal.

39. When ORDAZ objected to and verbally complained to Defendant ZUCKERBROD in January 2019, February 2019, and March 2019 about what Plaintiff reasonably and in good faith

believed was unlawful race/color and ancestry/national origin discrimination, ORDAZ engaged in protected activity within the meaning of 42 U.S.C. §1981.

40. On or around March 15, 2019, Defendants terminated ORDAZ's employment, a motivating factor behind which was (i) Plaintiff's race/color, Hispanic, and/or ancestry/national origin in light of ORDAZ's family being of South American descent [Bolivian & Venezuelan]; and (ii) Plaintiff's internal discrimination complaints to Defendant ZUCKERBROD, in violation of 42 U.S.C. §§1981(a) and (b).

41. When Defendants terminated ORDAZ's employment on or around March 15, 2019 for reasons that Defendants knew to be false and were instead a pretext to attempt to cover up unlawful discrimination and retaliation against ORDAZ because of her race/color, Hispanic, and ancestry/national origin, South American, Defendants violated 42 U.S.C. §1981.

42. Defendants' violations of 42 U.S.C. §1981 were intentional and undertaken with malice and a reckless disregard for ORDAZ's rights as guaranteed under the laws of the United States. As such, ORDAZ is entitled to punitive damages against Defendants pursuant to 42 U.S.C. §1981a(a)(1).

43. ORDAZ has suffered lost earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of Defendants' violations of 42 U.S.C. §1981.

44. Pursuant to 42 U.S.C. §1988(b), ORDAZ is entitled to recover her reasonable attorneys' fees and costs from Defendants.

WHEREFORE, Plaintiff, ORIANA ORDAZ, demands judgment against Defendants, jointly and severally, TODD A. ZUCKERBROD, P.A. and TODD ZUCKERBROD, for back pay, employment benefits, other compensation including bonuses or benefits, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest,

attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  July 10, 2019                              Respectfully submitted,

                                          By:   **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Todd A. Zuckerbrod, P.A. and Todd Zuckerbrod**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*/s/ Oriana Ordaz*
Oriana Ordaz (Jul 10, 2019)

Oriana Ordaz